UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ROY SCOTT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STATE OF WASHINGTON, ) <br> ) <br> Respondent. ) <br> _____ ) | CASE NO.  C06-462-JCC-MJB <br><br><br> REPORT AND RECOMMENDATION |

Petitioner Richard Roy Scott is currently confined at the Special Commitment Center in Steilacoom, Washington.  He has filed a petition for writ of habeas corpus in which he asserts that an unidentified state court judge has refused to determine whether the state had probable cause to file a sexually violent predator petition against him and/or arrest and confine him pending the outcome of that petition.  (*See* Dkt. No. 8.)

After initially reviewing petitioner's petition, this Court concluded that the petition was deficient because petitioner had failed to name a proper respondent.  Accordingly, on April 21, 2006, this Court issued an Order advising petitioner of the deficiency and granting him leave to file an amended petition correcting the deficiency.  (Dkt. No. 10.)  The Court directed petitioner to file any

REPORT AND RECOMMENDATION
PAGE - 1

amended petition on the forms provided by the Clerk, and directed the Clerk to provide petitioner with copies of the Court's § 2241 forms. (Dkt. No. 10.)

On April 27, 2006, petitioner filed objections to this Court's Order. (Dkt. No. 11.) He asserted in his objections that the forms sent to him pursuant to this Court's Order were not relevant because he is a civil detainee and not a prisoner serving time for a conviction. (*Id*.) He also stated that "I stand on my filing and clarification." (*Id*.) On May 11, 2006, this Court issued a second order granting petitioner leave to amend. (Dkt. No. 15.) In that Order, the Court advised petitioner that he may not stand on his previous filing because he had yet to name a proper respondent. (*Id*.) The Court clearly advised petitioner that if he wished to proceed with this action he *must* file an amended petition which named a proper respondent. (*Id*.) The Court also advised petitioner that it would not require him to submit his amended petition on the Court's forms so long as any amended petition identified a proper respondent, and so long as the petition clearly identified his claims for relief and the steps taken to exhaust those claims in the state courts. (*Id*.)

On June 9, 2006, petitioner filed objections to this Court's May 11, 2006, Order. (Dkt. No. 18.) He asserts in those objections that the State of Washington is the proper respondent in this action because the state filed the commitment petition which is the basis of his federal habeas claims. (*Id*.) However, petitioner provides no authority to support this assertion, and the Court is aware of none.

A petitioner for federal habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). This person typically is the warden or superintendent of the facility in which the petitioner is incarcerated. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996). Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *See Stanley*, 21 F.3d at 360.

Petitioner has been advised on two occasions that failure to name his custodian deprives this

REPORT AND RECOMMENDATION
PAGE - 2

1  Court of personal jurisdiction. Petitioner has nonetheless adamantly refused to file an amended

2  petition naming a proper respondent. This Court therefore has no alternative but to recommend that

3  the instant action be dismissed, without prejudice, for lack jurisdiction. A proposed order

4  accompanies this Report and Recommendation.

5       DATED this 13th day of November, 2006

/s/ M. J. Benton

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3